$150
#12357

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

RONALD E. STORY,
Plaintiff,
v.

CASE NUMBER: 6:03-CV-979-ORL-18DAB

JUDGE:

CITY OF COCOA, FLORIDA;
COCOA POLICE DEPT.;
M. DELLATORRE; and
CHRIS FERRANTE;
Defendants,
_____________________________/

FILED
03 JUL 15 PM 1:06
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

COMPLAINT

Plaintiff, Ronald E. Story, sues defendants, City of Cocoa, Florida, Cocoa, Florida Police Department, M. Dellatorre, and Chris Ferrante, and alleges:

**Introduction**

1. This is an action for damages exceeding $75,000.00.

2. This is an action for money damages brought pursuant to *42 U.S.C. Sections 1983 and 1988; the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution; and Article 1, Sections 8 & 9 of the Florida Constitution;* against the City of Coca, Florida, the Cocoa, Florida Police Department, Police

Officer M. Dellatorre, and Police Officer Chris Ferrante, law enforcement officers of the City of Cocoa, Florida in their individual capacities.

3. It is alleged that the individual law enforcement officer-defendants made an unreasonable , illegal, stop and seizure of the Plaintiff's vehicle violating his rights as secured by the *Fourth (4th) and Fourteenth (14th) Amendments to the Constitution of the United States of America,* and that these defendants assaulted, battered, maliciously prosecuted, falsely imprisoned, falsely arrested, substantially inflicted severe emotional distress by outrageous conduct, invaded his privacy, and conspired to deprive Plaintiff of his constitutional rights. That these defendants deliberately made false statements to the court and lied under oath to deprive Plaintiff of his liberty and constitutional rights.

The Defendants violated *42 U.S.C. §1983 et seq.*.

4. Defendant, Dellatorre, shot Plaintiff twice in the back with his firearm, the third bullet missed.

*Jurisdiction*

5. The jurisdiction of this case is invoked as follows:

a. pursuant to *28 USC §1331* which states that United States District Courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws or treaties of the United States. The Defendants violated *42 U.S.C. §1983 et seq.* thereby depriving Plaintiff of his civil rights.

b. pursuant to *28 USC §1343(4)* which provides for the recovery of damages under any act of Congress providing for the protection of civil rights;

c. pursuant to *28 USC §1367. Supplemental Jurisdiction.:* which states: in any civil action of which the United States District Courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under *Article III of the United States Constitution.* Such claims shall include claims that involve the joinder or intervention of additional parties.

d. Plaintiff sent the Defendants Notice of Claims pursuant to *Florida Statute 768.28 et seq.*. Those Notices are attached hereto as Exhibit No. 1 and incorporated herein by reference.

**Parties**

6. Defendant, M. Dellatorre (Dellatorre), was at all times material to this action an agent and employee of the City of Cocoa, Florida Police Department.

7. Defendant, Chris Ferrante (Ferrante), was at all times material to this action an agent and employee of the City of Cocoa, Florida Police Department.

8. The City of Cocoa, Florida is a municipality and an agency of the State of Florida.

9. The City of Cocoa, Florida Police Department is an agency of the City of Cocoa, Florida.

## Facts

10. All acts material to this action occurred in Brevard County, Florida. Plaintiff at all times material resided in Brevard County, Florida. Defendants at all times material resided in Brevard County Florida and were employed in Brevard County, Florida.

11. All acts material to this action occurred in Brevard County, Florida. Plaintiff at all times material resided in Brevard County, Florida. Defendants at all times material resided in Brevard County Florida and were employed in Brevard County, Florida.

12. On or about **Friday night, 23 February 2000 at about 11:30 p.m.**, Plaintiff was speaking with his friend Dorothy, also known as Dot, while he was

pulled over on the side of the road in his car.

At that time and place the Defendants, Ferrante and Dellatorre, in their City of Cocoa police cruiser, passed Plaintiff and Dot. After Plaintiff ended his conversation with Dotm he drove away. Plaintiff made a complete stop at the stop sign. Plaintiff did not commit a traffic violation.

13. Without any reasonable suspicion or probable cause, the Defendants, Dellatorre and Ferrante, tried to unlawfully pull the Plaintiff and his car off the road and stop him. Plaintiff believes the Defendants were out to unlawfully harass Plaintiff and he was in fear of these police officers and their unlawful activity. These police officers, Dellatorre and Ferrante, followed Plaintiff until Plaintiff was barricaded, trapped and boxed in by other police cars. Plaintiff was traveling at a lawful rate of speed. Plaintiff hesitated at all the intersections and used caution at each intersection. There were no others in harms way. Plaintiff did not endanger anyone. The Defendant police officers were driving aggressively and persistently. Not once did they stop pursuit.

14. Plaintiff was driving in a car with another person, Sam, who was released by the police.

15. When Plaintiff was stopped and blocked in on all sides by police cars, the police surrounded the Plaintiff. There was no where the Plaintiff could go; there was

no way to escape. Plaintiff saw he was surrounded by the police who had their guns drawn and pointed at the Plaintiff. Plaintiff pleaded with them not to shoot.

16. However, Dellatorre was behind the Plaintiff's car; and from the rear **shot the Plaintiff in the back twice.** Dellatorre fired three bullets into and through the back windshield of Plaintiff's car from his large caliber pistol, one bullet missed and two (2) bullets struck the Plaintiff in the back.

17. Dellatorre had no legal cause or justification to shot the Plaintiff.

18. Ferrante was assisting Dellatorre when Dellatorre shot the Plaintiff.

19. Ferrante had his gun pointed at the Plaintiff also.

20. Plaintiff did not pose a threat to Dellatorre, did he ever appear to be a threat to Dellatorre or anyone else. Plaintiff never appeared to do bodily harm, or any other injury, to anyone.

21. Plaintiff never posed a threat to Ferrante or anyone else; nor to do bodily harm, or any other injury, to anyone.

22. Dellatorre shooting the Plaintiff in the back was outrageous.

23. There was no need or justification to shoot the Plaintiff.

24. As a result being shot in the back, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff's automobile was damaged and he lost the use of it during the period required for its repair or replacement.

25. At all times material, Plaintiff was not a threat to the safety of others.

26. Plaintiff was illegally searched, seized, jailed, and prosecuted.

27. The individual law enforcement officers named herein as defendants assisted each other and the government in performing the various acts described and lent their physical presence, support, and the authority of their office, to each other during the said events.

28. Plaintiff was charged with Battery on a Law Enforcement Officer (Battery LEO) which charged was dropped, nol prossed, by the State of Florida.

29. Defendants, Ferrante and Dellatorre, assisted in the illegal arrest, incarceration, prosecution, and shooting of the Plaintiff in the back..

30. Defendants conspired to have Plaintiff illegally jailed, detained, and prosecuted.

31. Defendants, Dellatorre and Ferrante, used their illegal search and seizure of Plaintiff to deprive Plaintiff of his constitutionally guaranteed liberty. Thereby, Plaintiff was illegally detained in the Brevard County jail.

32. Defendants deliberately gave false information to the prosecutor(s) and court and lied under oath so that Plaintiff would lose his liberty and be convicted of crime(s) he did not commit.

33. Defendants deliberately gave false information to the court and lied under oath against Plaintiff in an attempt to have him convicted of criminal felony charges.

34. Defendants' illegal search and seizure of the Plaintiff, his vehicle and personal possessions was a pretextual search in an attempt to punish Plaintiff for his reputation with the Cocoa Police Department, his political beliefs, and activities.

35. As a direct and proximate result of the said acts of the defendant Officers, the Plaintiff suffered the following injuries:

a. Violation of his constitutional rights under the *Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution* and *Article 1, Sections 8 & 9 of the Florida Constitution* to be free from unreasonable search and seizure of his person and property;

b. Loss of his physical liberty;

c. Physical pain and suffering; and emotional trauma and suffering.

36. Defendants, at all times material, individually and as agents for the State of Florida, under color of law, assisted authorities to: falsely arrest, assault, batter, maliciously prosecute, falsely imprison, defame, intentionally inflict severe emotional

distress, invade the privacy of the Plaintiff, and shoot the Plaintiff in the back.

37. The actions of the defendant Officers, Dellatorre and Ferrante, under color of statute, ordinance, regulation, custom, policy and usage have subjected the Plaintiff to the deprivation of rights, privileges and immunities, and equal protection of the law, secured by the Constitution and laws; and violated the following clearly established and well settled federal constitutional rights of Plaintiff:

a. Freedom from the unreasonable seizure of his person;

b. Freedom from the unreasonable seizure of his property;

c. Freedom from the use of excessive, unreasonable,unjustified, and deadly force against his person.

d. Freedom from invasion of his privacy.

e. Freedom from unlawful detention and imprisonment.

## COUNT 1
## *(42 U.S.C. Sec. 1983* Against Individual Defendants)

39. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

40. Plaintiff claims damages for injuries set forth above under *42 U.S.C. Sec.*

*1983* against the defendants, Dellatorre and Ferrante, for violation of his constitutional rights under color of law.

41. As a result, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. And, Plaintiff's vehicle was damaged.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, attorney's fees pursuant to *42 U.S.C. Section 1988 et seq.*, and any other relief this Honorable Court deems just.

**COUNT 2**
**(Assault and Battery Against Individual Defendants)**

42. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

43. Defendants, Dellatorre and Ferrante, assaulted and battered the Plaintiff, or were accomplices and assisted in the assault and battering of the Plaintiff. Plaintiff was illegally shoot in the back by Dellatorre.

44. As a result, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 3**
**(False Arrest and Illegal Imprisonment Against Individual Defendants)**

45. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

46. Defendants, Dellatorre and Ferrante, illegally arrested and illegally imprisoned the Plaintiff, or were accomplices and assisted in the illegal arrest and illegal imprisonment of the Plaintiff.

47. As a result, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,

loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 4**
**(Outrageous Conduct Causing Severe Emotional Distress Against Individual Defendants)**

48. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

49. Defendants, Dellatorre and Ferrante, engaged in extreme and outrageous conduct and acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress to the Plaintiff.

50. Defendants' conduct was a legal cause of Plaintiff's severe emotional distress.

51. Defendants' extreme and outrageous conduct went beyond all possible bounds of decency and was shocking, atrocious, and utterly intolerable in a civilized community.

52. Plaintiff's emotional distress was so severe in intensity or duration that no ordinary person should be expected to endure it.

53. As a result, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 5**
**((Malicious Prosecution Against Defendants)**

55. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

56. Defendants, Dellatorre and Ferrante, aided and assisted in maliciously and without probable cause instituting and continuing a criminal proceeding against Plaintiff when the circumstances were not sufficient to cause a reasonably cautious person to believe that the Plaintiff was guilty of the criminal offenses charged against

him, to-wit: Battery on a Law Enforcement Officer, etc..

57. Defendants maliciously and perjuriously made statements to the court and others which caused the Plaintiff to be incarcerated.

58. Defendants acted maliciously in a criminal proceeding against the Plaintiff for the primary purpose of injuring the Plaintiff, and recklessly and without regard for whether the proceeding was justified, or for any primary purpose except to bring the Plaintiff to justice.

59. But for the conduct of the defendants in illegally searching and seizing the Plaintiff and his vehicle, the Plaintiff would not have been incarcerated and lost his liberty.

60. As a result, plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 6**
**(Negligence)**

61. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

62. Defendants, while in the course of their employment for the City of Cocoa and its police department, illegally seized and arrested the Plaintiff. Plaintiff was shot in the back by Dellatorre while Ferrante assisted in the illegal chase and seizure of the Plaintiff.

63. Defendants had a duty to use reasonable care for the safety, civil and constitutional rights of the Plaintiff, protect him from harm and the use of excessive force and deadly force.

64. Defendants breached that duty of care by illegally chasing Plaintiff in their police cruiser, illegally seizing and arresting the Plaintiff, illegally shooting the Plaintiff in the back by Dellatorre with the assistance of Ferrante, illegally incarcerating Plaintiff, and maliciously prosecuting him.

65. As a result of that breach of duty to use reasonable care - and the negligence, gross negligence, and recklessness of the Defendants - Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical

and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 7**
**(Invasion of Privacy)**

66. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

67. Plaintiff had a constitutional right to privacy.

Plaintiff's privacy was violated by the Defendants when they illegally, without reasonable suspicion or probable cause, chased him in their police cruiser, seized, arrested and incarcerated him; and shot him in the back.

68. As a result of violating Plaintiff's right to privacy, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and

plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 8**
**(Violation of Due Process)**

69. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

70. Plaintiff had a right to due process of law. That right was violated by the Defendants when they illegally chased, seized, arrested, incarcerated, and prosecuted Plaintiff on trumped up, false, charges; and shot Plaintiff in the back.

71. As a result of violating Plaintiff's right to due process of law, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 9**
**(Violation of Equal Protection of Law)**

72. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

73. Plaintiff had a right to the equal protection of law. That right was violated by the Defendants when they illegally chased, seized, arrested, incarcerated, and prosecuted Plaintiff on trumped up, false, charges; and shot Plaintiff in the back.

74. As a result of violating Plaintiff's right to equal protection of the law, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 10**
**(Deliberate Indifference Based on Recklessness)**

75. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

76. Defendants acted with deliberate indifference and recklessness for the safety and rights of the Plaintiff.

77. As a result of Defendants' deliberate indifference fo the safety and rights of the Plaintiff, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 11**
**(Excessive Force)**

78. Paragraphs 1 through 37 are re-alleged and incorporated herein by

reference.

79. Defendants used unjustified excessive and deadly force against the Plaintiff. Defendant, Dellatorre, shot Plaintiff in the back twice. Dellatorre was assisted at the time by his partner, Officer Ferrante.

80. As a result of the use of unjustified excessive and deadly force by the Defendants against the Plaintiff, he suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 12**
**(Duty to Prevent Wrongs)**

81. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

82. Defendants, while in the course of their employment for the City of Cocoa

and its police department, illegally seized, arrested and prosecuted the Plaintiff. Plaintiff was shot in the back by Dellatorre while Ferrante assisted in the illegal chase and seizure of the Plaintiff.

83. Defendants had a duty to prevent wrongs from being inflicted on the Plaintiff, to prevent wrongs that would compromise the safety, civil, and constitutional rights of the Plaintiff, and to prevent wrongs such as the unjustified and illegal use of excessive force and deadly force against the Plaintiff.

84. Defendants breached that duty to prevent wrongs against the Plaintiff by illegally chasing Plaintiff in their police cruiser, illegally seizing and arresting the Plaintiff, illegally shooting the Plaintiff in the back by Dellatorre with the assistance of Ferrante, illegally incarcerating Plaintiff, and maliciously prosecuting him.

85. As a result of that breach of duty to prevent wrongs by the Defendants, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**COUNT 13**
**(Negligent Custom or Policy)**

86. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

87. Defendant, City of Cocoa, had a custom or policy to allow their police officers to use excessive force.

88. Defendants, while in the course of their employment for the City of Cocoa and its police department, illegally seized, arrested, and prosecuted the Plaintiff, The Plaintiff was shot in the back by Dellatorre while Ferrante assisted in the illegal chase and seizure of the Plaintiff.

89. Defendants were following the custom or policy of the City of Cocoa when they used unjustified excessive force against the Plaintiff. The has been a pattern and commonality in the use of excessive force fo City of Cocoa Police Officers.

90. Numerous Police Officers of the City of Cocoa have been reprimanded, suspended, and disciplined for using excessive force or making illegal arrests.

91. As a result of that custom or policy by the City of Cocoa of allowing or acquiescing in their police officers using excessive force, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing

care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

**Count 14**
**(Inadequate Training of Police)**

92. Paragraphs 1 through 37 are re-alleged and incorporated herein by reference.

93. Defendant, City of Cocoa, did not adequately train the Defendants, Dellatorre and Ferrante, and had a custom or policy of inadequate training of its police officers.

94. As a result of the inadequate training of its police officers by the City of Cocoa, Plaintiff was shot in the back, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the

losses in the future.

WHEREFORE, plaintiff demands judgment for damages against defendants, trial by jury, costs, and any other relief this Honorable Court deems just.

Dated: July 12, 2003.

OLLINGER LAW FIRM

GEORGE OLLINGER
Attorney for Plaintiff
Suite 700
100 Rialto Place
Melbourne, Florida 32901
Telephone: (321) 728-1130
Fax: (321) 768-8893
Florida Bar No. 0239542

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

**** REFER TO COURT FILE ****